UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

JOSE LOPEZ-HERNANDEZ          )
                              )
       vs.                    )    Case No. 5:12-cv-08025-LSC-HGD
                              )
UNITED STATES OF AMERICA      )

## REPORT AND RECOMMENDATION

Petitioner, Jose Lopez-Hernandez, has filed what he has styled as a Motion to Vacate, Set Aside or Correct Sentence pursuant 28 U.S.C. § 2255. However, a review of the allegations and relief requested shows that it is not a § 2255 motion, nor has it been filed in the appropriate court.

Lopez-Hernandez was convicted upon a plea of guilty to one count of Conspiracy to Possess with Intent to Distribute and Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1); four counts of Distribution of 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1); one count of Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and two counts of Attempted Possession with the Intent to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced in August 2010 to 168 months in prison on each count, with all sentences to run concurrently. Petitioner did not file a direct appeal.

In his filing, petitioner states he is seeking relief and/or assistance in challenging his removal from the United States upon completion of his term of imprisonment. He avers that on February 3, 2012, he submitted Form I-191, an Application for Advance Permission to Return to Unrelinquished Domicile,[1] to the United States Citizenship and Immigration Services (USCIS) in Mesquite, Texas. He asserts that this is the appropriate form to use in seeking § 212(c) relief. He states that on April 30, 2012, he received correspondence from the USCIS that his petition had been received; however, when he reviewed the correspondence, he saw that his application had been changed to Form I-485, an Application to Register Permanent Residence or Adjust Status to Permanent Resident.[2] He contends that the USCIS has misconstrued his application. He avers that on May 7, 2012, he sent a letter seeking clarification, but has not received a response.

Petitioner cites *Judulang v. Holder*, ___ U.S. ___, 132 S.Ct. 476, 181 L.Ed.2d 449 (2011), as support for his requested relief. In *Judulang*, the alien petitioner filed an action seeking judicial review of a decision of the BIA which found that the alien

---

[1] According to the instructions for Form I-191, this form allows a legal permanent resident of the United States to apply for permission to return to their home in the United States after time spent outside the United States.

[2] Form I-485 is used by a person who is in the United States to apply for a Green Card based on sponsorship by an employer or family member or based on holding asylee or refugee status. *See* 8 U.S.C. § 1255a.

was ineligible to seek relief under former 8 U.S.C. § 1182(c) [§ 212(c)] (repealed).[3]

The U.S. Court of Appeals for the Ninth Circuit denied the alien's petition for review. However, the U.S. Supreme Court held that the comparative-grounds approach used by the BIA when it found that a resident alien was not eligible to seek relief from deportation under former 8 U.S.C. § 1182(c) violated 5 U.S.C. § 706(2)(A). *Judulang* does not support petitioner's request for assistance to this court.

Title 8 C.F.R. § 212.3 provides in relevant part:

(a) Jurisdiction.  An application for the exercise of discretion under section 212(c) of the Act must be submitted on Form I-191, Application for Advance Permission to Return to Unrelinquished Domicile.  If the application is made in the course of proceedings under sections 235, 236, or 242 of the Act, the application shall be made to the Immigration Court.

\* \* \* \* \*

(c) Decision of the District Director.  A district director may grant or deny an application for advance permission to return to an unrelinquished domicile under section 212(c) of the Act, in the exercise of discretion, unless otherwise prohibited by paragraph (f) of this section.  The applicant shall be notified of the decision and, if the application is denied, of the reason(s) for denial.  No appeal shall lie from denial of the application, but the application may be renewed

---

[3] Former 8 U.S.C. § 1182(c) provided in relevant part:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section (other than paragraphs (3) and (9)(C)).

> before an Immigration Judge as provided in paragraph (e) of this section.
>
> \* \* \* \* \*
>
> (e) Filing or renewal of applications before an Immigration Judge.
>
> (1) An application for the exercise of discretion under section 212(c) of the Act may be renewed or submitted in proceedings before an Immigration Judge under sections 235, 236, or 242 of the Act, and under this chapter.  Such application shall be adjudicated by the Immigration Judge, without regard to whether the applicant previously has made application to the district director.
>
> (2) The Immigration Judge may grant or deny an application for advance permission to return to an unrelinquished domicile under section 212(c) of the Act, in the exercise of discretion, unless otherwise prohibited by paragraph (f) of this section.
>
> (3) An alien otherwise entitled to appeal to the Board of Immigration Appeals may appeal the denial by the Immigration Judge of this application in accordance with the provisions of Sec. 3.36 of this chapter.

Because petitioner has been convicted of a felony and would thus be subject to removal (*see* 8 U.S.C. § 1182(a)(2)(B)(i)), § 242 is applicable.  Section 242 provides in relevant part:

> (C) Orders against criminal aliens.-Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 212(a)(2) or 237(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 237(a)(2)(A)(ii) for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 237(a)(2)(A)(i).

> (D) JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS- Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 242(a)(2)(C) and (D).

It appears petitioner has bypassed necessary steps in seeking relief in this court. First, he has not given the USCIS an opportunity to respond to his letter and to decide his application. Second, if he wishes to appeal any decision of the USCIS, his appeal lies as set out in 8 C.F.R. § 212.3. Third, any further appeal would lie in the Eleventh Circuit Court of Appeals or other federal court of appeals for the circuit in which he is incarcerated. This district court simply has no jurisdiction over any matters raised by petitioner. While petitioner has invoked 28 U.S.C. § 2255, that is not the proper vehicle for his request. Instead, § 2255 is used when a petitioner is challenging his conviction or his sentence.

Based on the foregoing, it is RECOMMENDED that this action be DISMISSED.

### NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. Failure to do so will bar any later challenge or review of the

factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DONE this 9th day of August, 2012.

                                              HARWELL G. DAVIS, III
                                              UNITED STATES MAGISTRATE JUDGE